IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

LISA ENT                                        :
1113 N. New Street
West Chester, PA 19380                          :

And                                             :

LAWRENCE ENT                                    :   Case No.:
1113 N. New Street
West Chester, PA 19380                          :

    Plaintiffs,                             :

v.                                              :

CYRUS HAMIDI, M.D.                              :
913 Ridgebrook Rd, Suite 312
Sparks, MD 21152                                :

    Defendant                               :

## COMPLAINT

Now comes Plaintiffs Lisa Ent and Lawrence Ent, by and through their attorneys, Rodney M. Gaston, and Miller & Zois, LLC, and hereby file this Complaint against the above-named Defendant and in support thereof states as follows:

## PARTIES

1. That at all times relevant to the claims at bar, Plaintiff Lisa Ent (hereinafter "Mrs. Ent") was/is an adult and a citizen of West Chester, Pennsylvania and the natural parent of Larry Ent.

2. Lisa Ent is currently a citizen of the State of Pennsylvania.

3. That at all times relevant to the claims at bar, Plaintiff Lawrence Ent (hereinafter "Mr. Ent") was/is an adult and a citizen of West Chester, Pennsylvania and the natural parent of Larry Ent.

4. Lawrence Ent is is currently a citizen of the State of Pennsylvania.

5. That at all times relevant to the claims at bar, Cyrus Hamidi, M.D., was/is a licensed health care provider and a Citizen of the State of Maryland, and was/is regularly engaged in providing healthcare services in Maryland.

6. Cyrus Hamidi, M.D. is currently a citizen of the State of Maryland.

## DIVERSITY JURISDICTION

7. That the amount in controversy exceeds the sum of Seventy- Five Thousand Dollars ($75,000.00) exclusive of costs and interests.

8. That pursuant to 28 U.S.C. Section 1332, this court has jurisdiction over the matter at bar because the Plaintiffs and the Defendant are citizens of two different States and the amount in controversy exceeds the sum of Seventy- Five Thousand Dollars ($75,000.00) exclusive of costs and interests.

## CHOICE OF LAW AND VENUE

9. Maryland law applies to the action at bar because the negligent acts causing injury and the wrongful death of Lawrence James Ent occurred in the State of Maryland, and a U. S. District Court sitting in diversity jurisdiction is required to apply Maryland Law to the action at bar.

10. Venue is appropriate in this court as the acts of medical negligence occurred in this Circuit.

## FACTS COMMON TO ALL COUNTS

11. That at all times relevant to the claims at bar, Lawrence James Ent (hereinafter "Larry Ent") was an adult and lived in Baltimore City, Maryland. He was the natural-born son of Mr. and Mrs. Ent.

12. Plaintiffs Lisa Ent and Lawrence Ent are the only lawful wrongful death beneficiaries under Maryland's Wrongful Death Statute.

13. That Defendant Cyrus Hamidi, M.D. (hereinafter "Dr. Hamidi") is a physician licensed to practice medicine in the State of Maryland and is regularly engaged in the practice of medicine in Maryland.

14. That all persons who qualify as wrongful death beneficiaries under Maryland law have been named as Plaintiffs and are represented by Rodney M. Gaston, and Miller and Zois, LLC.

16. At all times relevant to the claims at bar, the Plaintiffs and the decedent Larry Ent were neither contributorily negligent nor did they assume the risk of Larry Ent's injuries.

17. That this action is being brought under the Maryland statutes pertaining to medical malpractice and wrongful death.

18. That Larry Ent developed an area of swelling in his left armpit around April 2014.

19. That in April of 2014, Larry Ent's physicians were concerned that he might have Hodgkin's Lymphoma.

20. That Larry Ent's Hodgkin's Lymphoma was diagnosed by lymph node biopsy and Positron Emission Tomography (PET scan).

21. Larry Ent's lymph node biopsy in July 2014 showed Reed Sternburg Cells consistent with Hodgkin's Lymphoma.

22. That Larry Ent's PET scan on June 24, 2014 showed multiple enlarged areas of metabolically active [lymph nodes] in the left retroclavicular and subclavicular regions, the left axilla, and the mediastinum.

23. That Larry Ent was diagnosed with stage IIA Hodgkin's Lymphoma in 2014.

24. As a result of his diagnosis, Larry Ent was treated with ABVD chemotherapy at Paoli Hospital in Pennsylvania and the University of Maryland Medical Center in Baltimore City.

25. That between August and November 2014, Larry Ent received two cycles of ABVD chemotherapy for his Hodgkin's lymphoma.

26. That following his treatment with ABVD chemotherapy, Larry Ent received 30 grays of radiation therapy. This process included 15 fractions over 18 elapsed days and was completed on November 14, 2014.

27. That Larry Ent was 21 years old at the time of his chemotherapy and radiation exposure.

28. On February 20, 2015, a revaluation of Larry Ent's cancer showed a positive response to treatment. As a result, he was scheduled for follow up in 3 months.

29. That Larry Ent continued to attend his regular follow-up medical appointments between 2014 and 2018.

30. On February 6, 2018, Larry Ent was seen and evaluated by physician Jennie Y. Law. Dr. Law noted that there was "no evidence of disease relapse based on history and exam." She noted that Larry Ent should be closely followed for cardiac symptoms post-chemotherapy and radiation exposure because of the risk of cardiac damage from treatment.

31. On Monday, April 16, 2018, at approximately 3:02 p.m. Larry Ent was seen and examined by Cyrus Hamidi, M.D. at Dr. Hamidi's office located at 913 Ridgebrook Road, Suite 312, Sparks, Maryland 21152.

32. That Dr. Hamidi is a family care physician.

33. That Larry Ent made this appointment because he had been experiencing chest pain, shortness of breath, and a persistent cough for two weeks and he wanted to be evaluated for these symptoms.

34. That prior to seeing Dr. Hamidi, Larry Ent filled out a medical questionnaire that contained questions about his prior medical history, including whether he had any prior serious illnesses. Larry Ent indicated that he had Hodgkin's Lymphoma. He also indicated that he saw Dr. Law for cancer treatment.

35. That Larry Ent also noted on the questionnaire that he had a "persistent cough, shortness of breath, chest pains, and a history of cancer."

36.     That Dr. Hamidi reviewed Larry Ent's medical history before examining him.

37.     That in the history of present illness section, Dr. Hamidi wrote that Larry Ent has a "h/o of hodgkins in remission."

38.     That Dr. Hamidi also noted that Larry Ent has "some fleeting intermittent substernal chest pain, worse about two weeks ago, now subsiding, a few times weekly, no lasting consequence."

39.     That Dr. Hamidi also noted that Larry Ent had an upper respiratory infection about "10 days ago, better now, but "cough isn't going away".

40.     That in his review of symptoms, Dr. Hamidi wrote that Larry Ent's cardiovascular symptoms were negative, even though he presented with complaints of chest pain.

41.     That Dr. Hamidi also wrote that Larry Ent's respiratory symptoms were negative, even though he presented with complaints of persistent cough and shortness of breath.

42.     That in the medical history section of the chart, Dr. Hamidi wrote that Larry Ent was treated for Hodgkin's lymphoma when he was 22 years old and it is now in remission.

43.     That Dr. Hamidi did not ask Larry Ent any additional questions regarding his cancer treatment.

44.     That Dr. Hamidi did not identify the cause of Larry Ent's chest pain, shortness of breath, and persistent cough.

45.     That Dr. Hamidi did not investigate the more serious causes of Larry Ent's symptoms given Larry Ent's medical history and presentation.

46.     That Dr. Hamidi failed to perform an EKG in his office or, in the alternative, failed to send Mr. Ent to an emergency room to have an EKG performed, and failed to refer Larry Ent to a Hospital for a further evaluation of Mr. Ent's cardiac complaints to include an echocardiogram.

47.     That had an echocardiogram been performed on April 16, 2018, or at any time before his cardiac arrest on April 19, 2018, it would have revealed that Larry Ent was suffering from heart

disease requiring immediate medical intervention, including cardiac stenting and/or heart surgery.

48. That if cardiac stenting and/or heart surgery had been performed prior to April 19, 2018, Larry Ent would not have suffered a cardiac arrest and died on April 19, 2018.

49. That on Thursday, April 19, 2018, at approximately 8:57 p.m. Larry Ent was playing soccer when he suffered a cardiac arrest.

50. On April 19, 2018, Larry Ent was transported by ambulance to Medstar Harbor Hospital where he was pronounced dead.

51. That an autopsy was performed on April 20, 2018.

52. That Larry Ent died of myocardial infarction due to coronary artery thrombosis due to atherosclerotic cardiovascular disease.

53. That Larry Ent's coronary artery disease is consistent with radiation-associated cardiac disease, and the radiation that Larry Ent received in the past for treatment of his Hodkins Lymphoma was, more likely than not, the cause of the coronary heart disease that was discovered during the autopsy.

54. That Dr. Hamidi knew or should have known, that the radiation treatment that Larry Ent received in the past can cause damage to his heart.

55. That the standard of care applicable to the Defendant, in this case, is accurately defined in the Maryland Pattern Civil Jury Instruction 27:2 as "…that degree of care and skill that would be used by a reasonably competent health care provider engaged in a similar practice and acting in similar circumstances."

56. That the Defendant is a physician licensed to practice medicine in the State of Maryland and a Health Care Provider as defined in the Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 3-2A-01 (f)(1).

57.     That this action is authorized under Maryland Law, pursuant to the Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 3-2A-02.

58.     That the Plaintiffs have complied with all conditions precedent under Maryland law to file this action in this court as they have: 1) filed a Statement of Claim in the Health Care Alternative Dispute Resolution Office against the Defendant alleging acts of medical negligence that occurred on or about April 16, 2018, resulting in the wrongful death of Larry Ent on April 19, 2018, 2) filed their required Certificate of Qualified Expert and Expert Report in the Health Care Alternative Dispute Resolution Office, 3) pursuant to the Annotated Code of Maryland, Courts and Judicial Proceeding Article, Section 3-2A-06B, filed a Waiver of Arbitration, in the Health Claim's office on June 25, 2020, and 5) received an order from the Executive Director of the Health Care Alternative Dispute Resolution Office executed on June 30, 2020, transferring the action from the Health Care Alternative Dispute Resolution Office to this Court, or a court of appropriuate venue. *See* Ex. 1. Statement of Claim, Certificate of Qualified Exert and Expert Report, Waiver of Arbitration, and Order of Transfer.

### COUNT I: Wrongful Death – Negligence/Medical Malpractice
### Lisa Ent and Lawrence Ent v. Cyrus Hamidi, M.D.

The Plaintiffs re-alleged and incorporate by reference all of the allegations contained in paragraphs 1-58 above, and also aver,

59.     That Defendant Cyrus Hamidi, M.D. had a duty under Maryland Law to provide that degree of care and skill when he treated Larry Ent on April 16, 2018, that would be used by a reasonably competent health care provider engaged in a similar practice and acting in similar circumstances.

60.     That the standard of medical care applicable to Cyrus Hamidi, M.D., on April 16, 2018, included but was not limited to 1) properly evaluating Larry Ent's signs, symptoms, medical history, treatment history and test results on April 16, 2018; 2) performing a complete and

thorough physical examination on Larry Ent on April 16, 2018; 3) obtaining a complete and thorough medical history from Larry Ent regarding his cancer treatment and complaints of chest pain and shortness of breath; 4) properly appreciating Larry Ent's cancer treatment and radiation exposure in the context of his current complaints of chest pain and shortness of breath; 5) reaching an accurate differential and working diagnosis based upon Larry Ent's signs, symptoms, medical history, and treatment history when Dr. Hamidi evaluated Larry Ent on April 16, 2018; 6) performing an electrocardiogram in his office on April 16, 2018, to investigate signs of heart disease; or alternatively, sending Larry Ent to an emergency room to get an electrocardiogram on April 16, 2018; and 7) sending Larry Ent to a hospital on April 16, 2018, for additional work up and treatment for heart disease which would have included an echocardiogram.

61.     Cyrus Hamidi, M.D. breached the applicable standard of care by: 1) failing to properly evaluate Larry Ent's signs, symptoms, medical history, treatment history and test results on April 16, 2018; 2) failing to perform a complete and thorough physical examination on Larry Ent on April 16, 2018; 3) failing to obtain a complete and thorough medical history from Larry Ent regarding his cancer treatment and complaints of chest pain and shortness of breath on April 16, 218, ; 4) failing to properly appreciate Larry Ent's cancer treatment and radiation exposure in the context of his current complaints of chest pain and shortness of breath on April 16, 2018,  5) failing to reach an accurate differential and working diagnosis based upon Larry Ent's signs, symptoms, medical history, and treatment history when Dr. Hamidi evaluated Mr. Ent on April 16, 2018; 6) failing to perform an electrocardiogram in his office on April 16, 2018, to investigate signs of heart disease; or alternatively, by failing to send Larry Ent to an emergency room to get an electrocardiogram on April 16, 2018; and 7) failing to send Larry Ent to a hospital on April 16, 2018, for additional work up and treatment for heart disease which would have included an echocardiogram.

62. As a direct and proximate result of Dr. Hamidi's breaches of the standard of care as listed above, Larry Ent suffered severe and permanent physical injury, including cardiac arrest and death.

63. As a direct and proximate result of Dr. Hamidi's negligence and breaches of the applicable standard of care, resulting in the wrongful death of Larry Ent, Plaintiffs Mrs. Ent and Mr. Ent suffered damages pursuant to the Maryland Wrongful Death Statute, that include but are not limited to mental anguish, conscious emotional pain and suffering, loss of society, comfort, guidance, advice of the decedent, and other damages.

64. That pursuant to the Annotated Code of Maryland, Courts and Judicial Proceedings Article, Section 3-2A-02 (b), the Plaintiffs are prohibited from stating the specific amount of damages sought in this action, except to state that they are more than the limits of the concurrent jurisdiction of the Maryland State District Court and exceed the minimum jurisdictional amount required of the U. S. District Court of Maryland.

**WHEREFORE:** Plaintiffs Lisa Ent and Lawrence Ent claim monetary damages in excess of the concurrent jurisdiction of the District Court of Maryland ($30,000.00) and in excess of the minimum jurisdictional amount of the U. S. District Court ($75,000.00) against Cyrus Hamidi, M.D. in an amount to be determined at trial, plus costs, post-judgment interest at the legal rate of ten percent (10%) per annum from the date of judgment, and for any further relief that this Honorable Court determines necessary and appropriate.

Respectfully submitted;

**MILLER & ZOIS, LLC**

Rodney M. Gaston, Esquire
Federal Bar # 06603
1 South Street, Suite 2450
Baltimore, Maryland 21202
(410) 553-6000 Phone
(410) 431-1484 Fax
RodGaston@millerandzois.com
*Attorneys for Plaintiffs*

## REQUEST FOR A JURY TRIAL

Plaintiffs request a trial by jury.

Respectfully submitted;

**MILLER & ZOIS, LLC**

Rodney M. Gaston, Esquire
Federal Bar # 06603
1 South Street, Suite 2450
Baltimore, Maryland 21202
(410) 553-6000 Phone
(410) 431-1484 Fax
RodGaston@millerandzois.com
*Attorneys for Plaintiffs*